NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD M. ZELMA, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 12-CV-00256 (DMC) (JAD) |
| ART CONWAY (Individually); DIALAMERICA MARKETING INC., RODALE INC., et. al., | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before this Court upon motion of Defendants DialAmerica Marketing, Inc. and Arthur Conway, and by incorporation Defendant Rodale, Inc., to dismiss in its entirety Plaintiff Richard M. Zelma's Complaint for failure to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6). Pursuant to FED. R. CIV. P 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Defendants' motions to dismiss is **granted without prejudice**.

I.     **BACKGROUND**

On December 15, 2011 Plaintiff Richard M. Zelma ("Plaintiff") filed suit against Defendants DialAmerica, Inc ("Defendant DialAmerica" or "DialAmerica"), Rodale Inc., a/k/a Rodale Press, d/b/a Prevention Magazine ("Defendant Rodale" or "Rodale"), Art Conway ("Defendant Conway" or "Conway") individually, and various John Does and ABC Corporations in the Superior Court of New Jersey Law Division, Bergen County. (Compl.) On January 13,

2012, Defendants removed the case to this Court, pursuant to 28 U.S.C. § 1446 as Plaintiff's claim arises under federal law.

Plaintiff asserts a claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., and the New Jersey Do Not Call Law N.J.S.A § 5:8-119 et seq., claiming that Defendants made at least seven unsolicited calls to his residence. (Compl. ¶ 19).  As his name is on both the Federal and New Jersey Do Not Call lists, Plaintiff claims that these phone calls were in violation of the statute, and he is therefore entitled to relief. He seeks an injunction against further violations, under 47 U.S.C. § 227 (b)(3)(A) damages per alleged violation under 47 U.S.C. § 227(b)(3)(B), but also seeks treble damages for "willful[] and knowing[]" violations of the statute under 47 U.S.C. § 227(b)(3)(C).

Plaintiff voluntarily dismisses Counts I, II and VI. (Pl.'s Brief in Opp'n to Def.'s Mot. to Dismiss 10, 11). Therefore this Court need only address Counts III, IV and V of Plaintiff's complaint.

## II.    STANDARD OF REVIEW

In deciding a motion under FED. R. CIV. P. 12(b)(6), the District Court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008).  "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will

2

not do." Id. On a motion to dismiss, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Plaintiff's complaint is subject to the heightened pleading standard set forth in Ashcroft v. Iqbal:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . Determining whether a complaint states a plausible claim for relief will. . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009) (quoting Twombly, 550 U.S. at 557, 750).

## III.   DISCUSSION

### A. Plaintiff's Claims Against All Three Defendants Under 47 U.S.C. § 227(b)(3)(A), (B) and (C) Are Dismissed for Failure to State a Claim.

Plaintiff asserts claims under the TCPA for three types of relief: an injunction under § 227(b)(3)(A), monetary damages under § 227(b)(3)(B), and treble damages for "willful[] and knowing[]" violation of the regulations, within the discretion of the court under § 227(b)(3)(C). All three claims are dismissed as to Defendants DialAmerica, Rodale, and Conway, labeled in Plaintiff's complaint as Count IV and Count V, for failure to state a claim upon which relief can be granted.

In affirming that the Twombly standards apply to all motions to dismiss, the Supreme Court explained the 12(b)(6) inquiry as a two step process. Iqbal 556 U.S. at 678 . "First, the tenet that a court must accept as true all of the allegations contained in a complaint is

3

inapplicable to legal conclusions." Id.; Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir.2009). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 678-679. Therefore, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Ultimately, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 211.

### 1.   COUNT IV

Count IV, seeking statutory damages for a violation of the TCPA, should be dismissed. Here, Plaintiff's complaint fails to rise to the level of plausibility required under Iqbal. Where the well-pleaded facts, when taken as true, do not permit the court to "infer more than the mere possibility of misconduct, the complaint has alleged, but it has not "show[n]" - "that the pleader is entitled to relief." Iqbal, 556 U.S. at 679.

Plaintiff alleges in his complaint that Defendant made seven calls to his house. Plaintiff also admits that the purpose of "each call was to encourage Plaintiff's wife to renew her Prevention magazine subscription." (Compl. at ¶ 20). If this is the case, the Plaintiff falls into the exception under the TCPA for "established business relationship." 47 C.F.R. § 64.1200(a)(4)(I) (2012).  The statute provides an exception for calls made to customers with an "established business relationship." Id. "The term business relationship for purposes of telephone solicitations means a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a residential subscriber with or without an exchange of consideration, on the basis of the subscriber's purchase or transaction with the entity within the eighteen (18) months

4

immediately preceding the date of the telephone. . . which relationship has not been previously terminated by either party." 47 C.F.R. § 64.1200(f)(5). Thus, if Plaintiff's allegations in his complaint are taken as true, Plaintiff fails to state a claim under the TCPA, as Defendant's calls were statutorily permitted.

While Plaintiff also asserts that he and Defendants have no business relationship because it was "previously severed", on a motion to dismiss, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." (Compl.¶¶ 22-23);  Papasan, 478 U.S. at 286. If, as stated above, Plaintiff's admission that his wife was in fact a current subscriber to Prevention magazine, he is an existing customer and therefore exempt from the TCPA restrictions on telemarketing calls.

In his Opposition to Motion to Dismiss, Plaintiff attempts to clarify his statements with more facts, but this Court is not required to take those facts as true under the 12(b)(6) standard. If Plaintiff chooses to amend his Complaint, his claim must be plausible on the face of the Complaint. On a Rule 12(b)(6) motion to dismiss, a District Court must limit its review to the Complaint. "A court may not consider matters extraneous to the pleadings without treating the motion as one for summary judgment and giving all parties reasonable opportunity to present materials pertinent to such a motion under Rule 56." Hart v. Elec. Arts, Inc., 740 F. Supp. 2d 658, 662 (D.N.J. 2010).

Defendant also correctly notes that although Plaintiff is pro se, his "civil complaint must conform to the requirements set forth in Rules 8(a) and (e) of the Federal Rules of Civil Procedure." El Ameen Bey v. Stumpf, 825 F. Supp. 2d 537, 557 (D.N.J. 2011). "Procedural rules in civil litigation should not be interpreted so as to excuse mistakes by those who proceed

without counsel." Id. (citing McNeil v. US, 508 U.S. 106, 113 (1993)).

Plaintiff's claims against Defendant Conway are also dismissed. Plaintiff pleads no specific facts as to Conway's involvement other than the fact that "Conway had the authority and responsibility to prevent or correct unlawful telemarketing practices of DialAmerica but failed to do so." (Compl. ¶ 11). Again, Plaintiff's allegations do not raise his claim to a level of plausibility required to survive a 12(b)(6) motion to dismiss. Plaintiff's assertions against Conway amount to no more than "label and conclusions", "a formulaic recitation of the elements of a cause of action", and thus "will not do." Twombly, 550 U.S. at 555.

2.    **COUNT V**

Additionally, Plaintiff's claim for treble damages is also dismissed. Plaintiff does not adequately plead that any of the Defendants acted "willfully and knowingly", as required for treble damages.  47 U.S.C. § 227(b)(3)(C).  Plaintiff recites the statutory language, but again fails to plead any particular facts to hold Defendants liable to the higher standard of willful and knowing violation. As treble damages are in the Court's discretion to grant, Count V, is also dismissed.

**B. Because This Court Dismisses the Federal Claim, We Have No Jurisdiction to Adjudicate the State Claim**

3.    **COUNT III**

Plaintiff asserts a claim under the New Jersey Telemarketing Do Not Call Law N.J.S.A. § 56:8-119 et seq., based on the same factual allegations as the federal claim. As this Court  has dismissed, without prejudice, all claims under which this Court had original jurisdiction, the Court need not address Plaintiff's state claims, as this Court no longer has supplemental

jurisdiction. 28 U.S.C. § 1367(c)(3).

**IV.    <u>CONCLUSION</u>**

For the reasons stated, this Court finds that Defendants' motions to dismiss are **granted without prejudice**.  An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:    September  13  , 2012
Orig.:   Clerk
cc:      All Counsel of Record
         Honorable Joseph A. Dickson, U.S.M.J.