Arthur L. Raynes
WILEY MALEHORN SIROTA & RAYNES
250 MADISON AVENUE
MORRISTOWN, NEW JERSEY 07960
(973) 539-1313
araynes@wmsrlaw.com
Attorneys for Defendant,
DialAmerica Marketing Inc.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD M. ZELMA,<br><br>                Plaintiff,<br><br>v.<br><br>DIALAMERICA MARKETING INC.,<br>RODALE INC., a/k/a RODALE<br>PRESS, d/b/a PREVENTION<br>MAGAZINE, PREVENTION MAGAZINE,<br>JOHN DOES (1-5) and ABC<br>CORPORATIONS (1-5), each<br>acting individually, in<br>concert, or as a group,<br><br><br>                Defendants. | Civil Action No.: 2:12-cv-00256<br>                (DMC)(JAD)<br><br><br><u>RETURN DATE:</u><br><u>JUNE 17, 2013</u> |

---

**DEFENDANT DIALAMERICA MARKETING INC.'S BRIEF IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
PURSUANT TO <u>FED.R.CIV.P.</u> 12(b)(6)**

---

Of Counsel and On the Brief                On the Brief
Arthur L. Raynes                           Carolyn C. Duff

### TABLE OF CONTENTS

TABLE OF AUTHORITIES.........................................ii

PRELIMINARY STATEMENT.........................................1

PROCEDURAL HISTORY............................................3

STATEMENT OF FACTS............................................4

LEGAL ARGUMENT...............................................6

      POINT I:  PLAINTIFF'S AMENDED COMPLAINT SHOULD BE
DISMISSED AS PLAINTIFF HAS FAILED TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO THE
PLEADING STANDARD SET FORTH BY THE UNITED STATES
SUPREME COURT IN ASHCROFT V. IQBAL......................6

      POINT II:  PLAINTIFF HAS FAILED TO PLEAD PLAUSIBLE
CLAIMS THAT DEFENDANTS VIOLATED THE FEDERAL DNC LIST
AND THE NEW JERSEY DNC LIST............................10

        A.    Plaintiff Has Failed To Adequately Plead a
            Violation Of The Federal DNC List Under the
            TCPA .........................................11

            1. Plaintiff Cannot Demonstrate The Termination
              of the EBR With Defendants ..................11

            2. Plaintiff Cannot Establish The Willful Intent
              Of Defendants ...............................16

        B.    Plaintiff Has Failed To Adequately Plead
            Violation Of The New Jersey DNC List ..........17

CONCLUSION..................................................21

i

**TABLE OF AUTHORITIES**

**CASES**

Ashcroft v. Iqbal, 556 U.S. 662 (2009)................ 6, 7, 10

Bell Atlantic Corp. v. Twombly, 550 U.S. 554
    (2007)............................................... 6, 7

In re Burlington County Coat Factory Sec. Lit., 114 F.3d 1410
    (3d Cir. 1997)..................................... 6, 10

City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156
    (1997).................................................. 19

El Ameen Bey v. Stumpf, 825 F. Supp. 2d 537
    (D.N.J. Oct. 17, 2011).................................. 7

McNeil v. United States, 508 U.S. 106 (1993)................. 7

Morse v. Lower Merion School District, 132 F.3d 902
    (3d Cir. 1997)..................................... 6, 10

Papasan v. Allain, 478 U.S. 265 (1986)...................... 6

Zelma v. Assoc. for Lifestyle Reform, Civil Action No.
    2:10-cv-01317 (D.N.J.)................................. 8

Zelma v. Iqor US, Inc., Civil Action No. 2:10-cv-03664
    (D.N.J.)............................................... 8

Zelma v. Medco Health Solutions Inc., Civil Action No.
    2:11-cv-03465 (D.N.J.)................................. 8

Zelma v. Toyota Financial Services Americas Corp., Civil
    Action No. 2:13-cv-2698 (D.N.J.)...................... 7

Zelma v. United Online Communications, Inc., Civil Action No.
    2:08-cv-01030 (D.N.J.)................................. 8


**FEDERAL STATUTES**

15 U.S.C. § 6104.......................................... 12

28 U.S.C. § 1367.......................................... 19

47 U.S.C. § 227...................................... 8, 10, 11, 17

**FEDERAL REGULATIONS**

16 C.F.R. § 310.2....................................... 15, 19

47 C.F.R. § 64.1200..................................... 11, 12

**STATE STATUTES**

N.J.S.A. 56:8-119.......................................... 8

**NEW JERSEY REGULATIONS**

N.J.A.C. 13:45D-1.3....................................... 17

N.J.A.C. 13:45D-4.2....................................... 17

**RULES**

Fed.R.Civ.P. 8.............................................. 7

Fed.R.Civ.P. 12........................................ 6, 21

## PRELIMINARY STATEMENT

This is Plaintiff Richard M. Zelma's second attempt to file an adequate complaint regarding a telephone call. Rather than add new details to the previously dismissed complaint, Plaintiff has instead simply omitted harmful facts and added new, inconsistent, facts that he claims were only recently discovered by him and his wife. The Amended Complaint fails nonetheless.

Plaintiff filed suit against Defendants because he received a telemarketing call for his wife. Defendant DialAmerica Marketing Inc. ("DialAmerica") legally placed a phone call on behalf of Defendants Rodale Inc. and Prevention magazine to Plaintiff's wife. Plaintiff's wife was a current subscriber to Prevention magazine at the time the call was made. The purpose of the call, as Plaintiff admits, was only to inquire whether Plaintiff's wife wanted to renew her Prevention magazine subscription. Defendant DialAmerica never spoke to Plaintiff's wife and only spoke to Plaintiff once.

Plaintiff claims that he registered with both the federal and the New Jersey Do-Not-Call ("DNC") lists. However, there exists an exception to both of these DNC lists for existing customers, such as Plaintiff admits his wife was. Although Plaintiff now nakedly alleges that the relevant business relationship was "severed," Plaintiff's own documents belie that allegation.

1

Plaintiff has asserted multiple claims and is seeking multiple forms of damages. Since Plaintiff's lawsuit is improperly based upon legal telephone activity, it is respectfully requested that his Amended Complaint be dismissed, with prejudice.

## PROCEDURAL HISTORY

Plaintiff originally filed a complaint in state court December 15, 2011.  See Plaintiff's Complaint (attached to the Certification of Arthur L. Raynes ("Raynes Cert.") as Exhibit A).  Defendants filed a Notice of Removal on January 13, 2012. See Notice of Removal (attached to the Raynes Cert. as Exhibit B).  Defendants subsequently filed a motion to dismiss Plaintiff's Complaint, which was granted as to all Defendants on September 13, 2012.  See September 13, 2012 Order and Opinion (attached to the Raynes Cert. as Exhibit C).  Plaintiff filed an Amended Complaint on April 17, 2013.  See Plaintiff's Amended Complaint (attached to the Raynes Cert. as Exhibit D).  In his Amended Complaint, Plaintiff no longer pleads any claims against former Defendant Arthur Conway and has also voluntarily dismissed three of the six Counts he originally pled.  Defendant DialAmerica now moves to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief may be granted.

3

## STATEMENT OF FACTS

Plaintiff claims that his telephone number is registered on both the state and the federal DNC lists.  See Plaintiff's Amended Complaint, Ex. D, at ¶¶ 14-15.  Plaintiff claims that he was called at least seven times by DialAmerica between November 9, 2011 and November 19, 2011.  See Plaintiff's Amended Complaint, Ex. D, at ¶ 31.  Plaintiff claims he attempted to call the number that appeared on his caller ID, (201) 257-4065, but that he could not reach anyone.  See Plaintiff's Amended Complaint, Ex. D, at ¶ 34.[1]

Plaintiff admits that his wife, who is not presently a party to the litigation, had a subscription to Prevention magazine and that when he did speak to someone, he learned that the purpose of the call was to inquire as to whether she wanted to renew that subscription.  See Plaintiff's Complaint, Ex. A, at ¶ 20; Plaintiff's Opposition Brief (attached to the Raynes Cert. as Exhibit E) at 3; Plaintiff's Sur-Reply Brief (attached to the Raynes Cert. as Exhibit F) at 6.  Although Plaintiff admitted in his original Complaint the existence of an existing/established business relationship ("EBR"), he no longer states that it exists in his Amended Complaint.  See Plaintiff's Complaint, Ex. A, at ¶¶ 20, 22-23.  In fact, Plaintiff now

---

[1] This claim, among others, appears to be patently false.  For purposes of this motion, however, the allegations will be accepted, of course without prejudice.

claims that no such relationship was established or exists.  See Plaintiff's Amended Complaint, Ex. D, ¶37.   Confusingly, however, Plaintiff alleges in his Amended Complaint that he is entitled to relief because an EBR was severed.

The relationship Plaintiff claims was severed is unclear. He initially describes severing some type of relationship with Delta's SkyMiles program.   Plaintiff never pleads an allegation that the magazine for which DialAmerica had called was obtained through SkyMiles, never even identifies what magazines were allegedly obtained through SkyMiles and does not claim that such magazines were Rodale magazines.  See Plaintiff's Amended Complaint, Ex. D, at ¶¶ 19-24.   In short, Plaintiff describes severing a relationship with a non-party that existed in 2008, approximately three years before the subject call.

Furthermore, he describes making a DNC request to SkyMiles, not a party to this lawsuit, without ever pleading any allegations relating to an affiliation between SkyMiles and the named defendants in this lawsuit.  See Plaintiff's Amended Complaint, Ex. D, at Exhibit 2.  Finally, Plaintiff does not plead any allegations relating to severing the EBR that existed between Plaintiff's wife and Prevention magazine, the particular existing magazine subscription for which the call was made.

**LEGAL ARGUMENT**

**I.   PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED AS PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO THE PLEADING STANDARD SET FORTH BY THE UNITED STATES SUPREME COURT IN ASHCROFT V. IQBAL.**

Plaintiff's Amended Complaint fails to satisfy the minimum standards for pleading a cause of action, and therefore, the Court should dismiss it under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.   The United States Supreme Court has held:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.

Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 564 (2007).

A court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997) (quoting In re Burlington County Coat Factory Sec. Lit., 114 F.3d 1410, 1429-30 (3d Cir. 1997)).   On a motion to dismiss courts "are not bound to accept as true a legal conclusion couched as a factual allegation". Papasan v. Allain, 478 U.S. 265, 286 (1986).

This standard was recently heightened in the United States Supreme Court case of Ashcroft v. Iqbal:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . .  Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more that the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]" – "that the pleader is entitled to relief."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557, 570; Fed.R.Civ.P. 8(a)(2)).

Although Plaintiff is pro se, his "civil complaint must conform to the requirements set forth in Rules 8(a) and (e) of the Federal Rules of Civil Procedure."  El Ameen Bey v. Stumpf, 825 F. Supp. 2d 537, 557 (D.N.J. 2011).  "[P]rocedural rules in civil litigation should not be interpreted so as to excuse mistakes by those who proceed without counsel."  Id. (citing McNeil v. United States, 508 U.S. 106, 113 (1993)).

Additionally, Plaintiff is not a typical pro se litigant.  In fact, Plaintiff has been involved in many similar cases, often, though not exclusively, litigating pro se in both state and federal courts.  For some of his federal cases, see, e.g., Zelma v. Toyota Financial Services Americas Corp., Civil Action

No.  2:13-cv-2698  (D.N.J.);  Zelma  v.  United  Online
Communications, Inc., Civil Action No. 2:08-cv-01030 (D.N.J.);
Zelma v. Assoc. for Lifestyle Reform, Civil Action No. 2:10-cv-
01317 (D.N.J.); Zelma v. Iqor US, Inc., Civil Action No. 2:10-
cv-03664 (D.N.J.); and Zelma v. Medco Health Solutions Inc.,
Civil Action No. 2:11-cv-03465 (D.N.J.).  In fact, Plaintiff's
own e-mail address evidences his proficiency in this area of
law:  TCPALAW@optonline.net.   Plaintiff  has  also  advised
DialAmerica that he has "18 years [experience] in this area of
litigation" and that it "has always been my position . . . to
submit to an adversary, a rough draft of a pending suit against
them," evidencing the fact that he often undertakes litigation
without counsel.  See E-Mails (attached to the Raynes Cert. as
Exhibit G).[2]

Plaintiff asserts claims against Defendants in his Amended
Complaint  for  alleged  violations  of  the  Telephone  Consumer
Protection Act ("TCPA"), 47 U.S.C. § 227, and the state analogue
to the federal TCPA, N.J.S.A. 56:8-119.  See Plaintiff's Amended
Complaint, Ex. D.  Plaintiff has dropped all other claims pled
in  his  original  Complaint,  including  those  against  Arthur
Conway, previously a named defendant.

---

[2]  It is respectfully submitted that inclusion of these e-mails
does not convert the motion to a motion for summary judgment as
Defendant is only including them to evidence Plaintiff's legal
knowledge and familiarity with litigating similar matters pro
se.

For the reasons set forth herein, Plaintiff has not adequately pled any claims against DialAmerica in his Amended Complaint.  It is respectfully requested that DialAmerica's motion to dismiss be granted, with prejudice.

## II.   PLAINTIFF   HAS   FAILED   TO   PLEAD   PLAUSIBLE   CLAIMS   THAT DEFENDANTS VIOLATED THE FEDERAL DNC LIST AND THE NEW JERSEY DNC LIST.

In   counts   three,   four   and   five   of   Plaintiff's   Amended Complaint,[3] he alleges violations of the federal DNC list under the TCPA, 47 U.S.C. § 227, including a claim for treble damages under that statute, and violation of the New Jersey DNC list. Since  Defendants  had  an  existing  business  relationship  with Plaintiff's wife, they legally placed a call to Plaintiff's home to  inquire  whether  Plaintiff's  wife  wanted  to  renew  her  current magazine subscription for Prevention magazine.

In  order  to  survive  a  motion  to  dismiss,  a  plaintiff  must plead  "plausible"  allegations  supported  by  "sufficient  factual matter . . . ."  Iqbal, 556 U.S. at 678.  Plaintiff's mere statement,  without  more,  that  an  EBR  between  his  wife  and Defendants was severed by a SkyMiles program for which he pleads no facts relating the program to Defendants is insufficient to survive  DialAmerica's  motion  to  dismiss.   A  court  "need  not credit  a  complaint's  'bald  assertions'  .  .  .  when  deciding  a motion  to  dismiss."  Morse,  132  F.3d  at  906  (quoting  In  re Burlington  County,  114  F.3d  at  1429-30).   Indeed,  Plaintiff provides  no  factual  basis  because  the  EBR  regarding  Prevention magazine  was  never  severed.   Plaintiff  admits  his  wife  had  a

---

[3] Counts  one,  two  and  six  exist  in  the  Amended  Complaint  only insofar as to state that they were dismissed.

magazine subscription to Prevention in 2011 and that the purpose of the phone call was to renew it.  <u>See</u> Plaintiff's Complaint, Ex. A, at ¶ 20; Plaintiff's Opposition Brief, Ex. E, at 3; Plaintiff's Sur-Reply Brief, Ex. F, at 6.  Despite his claim that new information has surfaced since Plaintiff originally filed his complaint nearly 1 ½ years ago, none of the new information presented changes the insufficiency of Plaintiff's claims against Defendants.  For the reasons set forth below, Plaintiff's claims are without merit and should be dismissed, with prejudice, against Defendants.

**A.    Plaintiff Has Failed To Adequately Plead a Violation Of The Federal DNC List Under the TCPA.**

Plaintiff claims that he was registered on the federal DNC list.  He seeks not only damages per alleged violation under 47 <u>U.S.C.</u> § 227(b)(3), but also seeks treble damages for "willfull[] or knowing[]" violations.  These claims are without merit because even if an individual is on the federal DNC list, certain exceptions apply.  The exception applicable to Plaintiff's claims is that a telemarketer may call an individual on the federal DNC list if there is an EBR.  47 <u>C.F.R.</u> § 64.1200(a)(2).

**1.    Plaintiff Cannot Demonstrate The Termination of the EBR With Defendants.**

An EBR is defined as

> a prior or existing relationship formed by a voluntary
> two-way communication between a person or entity and a
> residential subscriber <u>with or without an exchange of
> consideration</u>, on the basis of the subscriber's
> purchase or transaction with the entity within the
> eighteen (18) months immediately preceding the date of
> the telephone call . . . which relationship has not
> been previously terminated by either party.

47 <u>C.F.R.</u> § 64.1200(f)(5) (emphasis added).[4]

Plaintiff admits that his wife had a current subscription to Prevention magazine and that the purpose of the phone call was to inquire whether she wanted to renew her subscription. <u>See</u> Plaintiff's Complaint, Ex. A, at ¶ 20; Plaintiff's Opposition Brief, Ex. E, at 3; Plaintiff's Sur-Reply Brief, Ex. F, at 6. Although Plaintiff no longer pleads this fact in his Amended Complaint, he also never states that his wife did not have the subscription. Plaintiff's omission of this previously acknowledged fact seems to be an awkward attempt to cure the defects cited by this Court's prior opinion dismissing Plaintiff's original Complaint. Plaintiff cannot simply omit a material fact in an effort to survive a motion to dismiss. It is the equivalent of a motion to dismiss being granted on the basis of statute of limitations, and the plaintiff filing an amended complaint that merely removes the date that triggered

---

[4] DialAmerica will not address the Telemarketing Sales Rule ("TSR"), promulgated by the Federal Trade Commission, as Plaintiff has acknowledged in his Amended Complaint that his actual damages will not exceed the $50,000 threshold required by 15 <u>U.S.C.</u> § 6104 for a private cause of action enforcing the TSR.

the statute of limitations holding.  The facts remain the facts, whether Plaintiff refrains from stating them or not.

Plaintiff also omits from the Amended Complaint the allegation that there existed a subscription to Prevention magazine at the time the alleged phone calls took place. However, he inexplicably still argues that there was some kind of EBR that he or his wife severed.  Plaintiff also does not state what he or his wife was severing.  Despite having a second opportunity to plead his claims, and despite having this Court's prior opinion as a guide to what his previous pleading failures were, Plaintiff continues to fail to plead plausible claims.

An EBR allowed DialAmerica to place a call on behalf of Rodale to Plaintiff's home to inquire as to whether his wife wanted to renew her then-current Prevention magazine subscription.  See September 13, 2012 Opinion, Ex. C, at 4-5. Plaintiff does not plead that this EBR was terminated prior to the call placed by DialAmerica to Plaintiff's wife in November 2011.

As an initial matter, Plaintiff's Amended Complaint discusses severing some kind of relationship with Delta's SkyMiles program in 2008, but pleads no facts that connect SkyMiles to any Defendant in this case, except to vaguely state all three had some kind of relationship.  Importantly, nowhere in the Amended Complaint does Plaintiff plead that he or his

13

wife received Prevention magazine in 2008 through the SkyMiles program and that a specific request was made that no calls be made with regard to that Prevention magazine subscription. <u>See</u>, <u>e.g.,</u> Plaintiff's Amended Complaint, Ex. D, at ¶ 19 ("Plaintiff's wife chose two (2) magazines . . . .").

Furthermore, Plaintiff has not adequately pled a connection between the alleged DNC request to SkyMiles and the named Defendants. Plaintiff has not named SkyMiles as a defendant and does not anticipate doing so. See Plaintiff's Amended Complaint, Ex. D, at ¶ 17. This failure is troubling as Plaintiff also states that he "expected SkyMiles to share that [DNC] request with their other partners as well." See Plaintiff's Amended Complaint, Ex. D, at ¶ 24. Plaintiff himself has not even plead the vital fact that SkyMiles actually provided this information to Defendants, even assuming that the DNC request to SkyMiles was related to Prevention magazine. Plaintiff is required to have pled a connection between SkyMiles and Defendants, since he is claiming he made a DNC request in 2008 that severed an EBR between Defendants and his wife with regard to the Prevention magazine subscription.

Similarly, while Plaintiff references another offer from SkyMiles to redeem free magazine awards in April 2010, Plaintiff again fails to plead that he or his wife selected Prevention magazine through this offer and that they then made a specific

14

request that no calls be made with regard to that existing Prevention magazine subscription.

Plaintiff also makes vague references to "up-sell" but he never states what this alleged "up-sell" was. See, e.g., Plaintiff's Amended Complaint, Ex. D, at ¶ 92. "Up-sell" is defined as "soliciting the purchase of goods or services following an initial transaction during a single telephone call. The upsell is a separate telemarketing transaction, not a continuation of the initial transaction." 16 C.F.R. § 310.2(ee). Yet in addition to providing no factual basis for his claim of an "up-sell," Plaintiff admits that the sole purpose of the call was renewal of an existing subscription, and thus there was no "up-sell" under the definition. See Plaintiff's Complaint, Ex. A, at ¶ 20; Plaintiff's Opposition Brief, Ex. E, at 3; Plaintiff's Sur-Reply Brief, Ex. F, at 6.[5] Again, as with the EBR, this fact is simply omitted from the Amended Complaint, apparently as some kind of 'do-over,' as to what the phone call concerned.

---

[5] Plaintiff appears to misunderstand the definition of upsell. In his original Complaint, he stated that Defendants attempted to "up-sell Plaintiff with the extension of a magazine subscription." See Plaintiff's Complaint, Ex. A, at ¶ 62 (emphasis added). Renewing (or "extending") a subscription is not upsell. 16 C.F.R. § 310.2(ee).

**2.   Plaintiff Cannot Establish The Willful Intent Of
Defendants.**

In addition to his claim in the fourth count of the Amended
Complaint that Defendants violated the DNC list by calling him,
Plaintiff also seeks treble damages under the TCPA in count five
of the Amended Complaint.  Not only does Plaintiff have no claim
because DialAmerica did not violate the DNC list, but Plaintiff
also has failed to plead any factual allegations, let alone
plausible facts, that suggest any "willful intent" by any
Defendants.

In fact, by Plaintiff's own account, the phone call was
merely an attempt at having a current customer renew the same
magazine they were already receiving.   Furthermore, despite
Plaintiff's allegations to the contrary, Plaintiff only spoke to
a telemarketer from DialAmerica once.   Significantly, Plaintiff
originally acknowledged the fact that DialAmerica and he had one
live call; however, in his Amended Complaint, Plaintiff
inconsistently alleges that he spoke to a live person multiple
times.   See Plaintiff's Opposition Brief, Ex. E, at 4
("Defendants assert DialAmerica never spoke to Plaintiff's wife
and only spoke to Plaintiff once, which is accurate."); but see
Plaintiff's Amended Complaint, Ex. D, at ¶¶ 48; 52.   Leave to
amend does not mean leave to create new and different facts that
are inconsistent with documents previously filed with the Court.

16

There is simply no plausible factual allegation anywhere in the Amended Complaint to suggest a knowing and willful intent as required for treble damages under 47 U.S.C. § 227(b)(3).  Thus even if Plaintiff's other claim under the TCPA somehow survives, it is respectfully requested that this claim should be dismissed because Plaintiff has failed to adequately plead it.

**B.   Plaintiff Has Failed To Adequately Plead Violation Of The New Jersey DNC List.**

In addition to his claim under the federal TCPA, Plaintiff also asserts a claim under the New Jersey DNC list based upon the identical factual farrago as his federal claim.  Since an exception to the New Jersey DNC list also exists for an existing business relationship, it is respectfully requested that this claim also be dismissed, with prejudice.

The New Jersey law is similar to the federal law.  Under New Jersey law, a telemarketer may call someone on the DNC list if they are an "existing customer."  N.J.A.C. 13:45D-4.2(a).  An "existing customer" is defined as "[a] person who is obligated to make payments to a seller on merchandise purchased; or [a] person who has entered into a written contract with a seller where there is an obligation to perform, either by the customer, seller, or both."  N.J.A.C. 13:45D-1.3 (emphasis added).  Even if Plaintiff's wife no longer had payments due under her subscription or had never paid for it, she was in a contract

17

where she had subscribed to Prevention magazine and there was a continuing obligation for her to receive it.   Thus Plaintiff's wife was an "existing customer" within the meaning of the law and exempted from the New Jersey DNC list.

As stated above, Plaintiff admits that his wife had a current subscription to Prevention magazine and that the purpose of the phone call was to inquire whether she wanted to renew her subscription.   See Plaintiff's Complaint, Ex. A, at ¶ 20; Plaintiff's Opposition Brief, Ex. E, at 3; Plaintiff's Sur-Reply Brief, Ex. F, at 6.   Thus Plaintiff does not and cannot deny that there was an existing business relationship in his Amended Complaint.   Instead, in his Amended Complaint, he contends that it was severed by a DNC request made to SkyMiles, but he never pleads an allegation that ties the magazine subscription that was the subject of the alleged phone call to the SkyMiles DNC request.   See Plaintiff's Amended Complaint, Ex. D, at ¶¶ 19-24.

For the reasons stated above under Part II, Section A, Plaintiff has failed to plausibly plead factual allegations that support his contention that the EBR that DialAmerica called him regarding, which calls spurred this lawsuit, was severed in 2008.   Instead, he pleads allegations regarding the vague circumstances for which he or his wife made DNC requests in regard to ordering "two (2) magazines" from SkyMiles in 2011. See Plaintiff's Amended Complaint, Ex. D, at ¶ 19.

As with the claim under the TCPA, Plaintiff also makes vague references to "up-sell" in his third count but does not state what this alleged "up-sell" was. See, e.g., Plaintiff's Amended Complaint, Ex. D, at ¶ 88. As stated above, Plaintiff provides no factual basis for his claim of an "up-sell," and he admits that the sole purpose of the call was renewal of an existing subscription, and thus not an "up-sell" under the definition in 16 C.F.R. § 310.2(ee). See Plaintiff's Complaint, Ex. A, at ¶ 20; Plaintiff's Opposition Brief, Ex. E, at 3; Plaintiff's Sur-Reply Brief, Ex. F, at 6.

Finally, it is respectfully requested that this Court exercise supplemental jurisdiction over this claim. Under 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over state claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." When determining whether to exercise its discretion to exercise supplemental jurisdiction, a court "should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997) (quotation omitted).

Plaintiff's claim that Defendants violated the New Jersey DNC list is predicated upon the same purported allegations as his claims under the federal DNC list. Indeed, the laws are

19

very similar.  As with his TCPA claim, Plaintiff alleges nothing particular to his state claim.  Therefore it is respectfully requested that this Court exercise supplemental jurisdiction over this state claim.  As Plaintiff has failed to state that Defendants violated the New Jersey DNC list, it is respectfully requested that this claim should be dismissed, with prejudice, as against all Defendants.

<u>**CONCLUSION**</u>

Based on the foregoing, it is respectfully submitted that the DialAmerica's motion to dismiss Plaintiff's Amended Complaint, with prejudice, pursuant to <u>Fed.R.Civ.P.</u> 12(b)(6), should be granted because Plaintiff has failed to plead any liability on behalf of Defendants for placing telephone calls to his home legally.

WILEY MALEHORN SIROTA & RAYNES
Attorneys for Defendant,
DialAmerica Marketing Inc.


By:  <u>/s/ Arthur L. Raynes</u>
     Arthur L. Raynes

Dated: May 15, 2013