UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD M. ZELMA,<br><br>                    Plaintiff,<br><br>v.<br><br>ART CONWAY (Individually),<br>DIALAMERICA MARKETING INC.,<br>RODALE INC., a/k/a RODALE PRESS,<br>d/b/a PREVENTION MAGAZINE,<br>PREVENTION MAGAZINE, JOHN<br>DOES (1-5) and ABC CORPORATIONS<br>(1-5), each acting individually, in concert,<br>or as a group,<br><br>                    Defendants. | Civil Action No.: 12-cv-00256 |

**DEFENDANTS RODALE INC., A/K/A RODALE PRESS, d/b/a PREVENTION MAGAZINE, AND PREVENTION MAGAZINE'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

GROSS MCGINLEY, LLP
Loren L. Speziale, Esquire
33 South 7th Street
PO Box 4060
Allentown, PA  18105-4060
Phone:  (610) 820-5450
Fax:      (610) 820-6006

Attorney for Defendants
Rodale Inc., a/k/a Rodale Press, d/b/a
Prevention Magazine, and Prevention
Magazine

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES.................................................................................ii

PRELIMINARY STATEMENT ........................................................................1

LEGAL ARGUMENT ......................................................................................2

CONCLUSION ................................................................................................4

## <u>TABLE OF AUTHORITIES</u>

<u>**Page**</u>

### <u>Cases</u>

<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937 (2009)....................................2

<u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007)................................2,3

<u>Mele v. Federal Reserve Bank of N.Y.</u>, 359 F.3d 251(3d Cr. 2004)..................2

<u>Mruz v. Caring, Inc.</u>, 39 F. Supp. 2d 495 (D.N.J. 1999)....................................2

### <u>Rules</u>

Federal Rule of Civil Procedure 12(b)(6) .....................................................1,2,3

## PRELIMINARY STATEMENT

Defendants Rodale Inc., a/k/a Rodale Press, d/b/a Prevention Magazine, and Prevention Magazine ("the Rodale-Defendants") hereby move the Court pursuant to Federal Rule of Civil Procedure 12(b)(6) for dismissal of all claims asserted in the Amended Complaint against the Rodale-Defendants on the same grounds provided in the Notice of Motion and supporting papers filed on behalf of Defendants DialAmerica Marketing, Inc. and Arthur Conway ("DialAmerica's Motion to Dismiss) (Doc. No. 28).

## LEGAL ARGUMENT

Fed. R. Civ. P. 12(b)(6) allows a party to seek a dismissal of the subject pleading for the "failure to state a claim upon which relief can be granted." "In considering a motion to dismiss under Rule 12(b)(6), the Court may dismiss the Complaint if it appears certain that the plaintiff cannot prove any set of facts in support of their claims which would entitle them to relief." Mruz v. Caring, Inc., 39 F. Supp. 2d 495, 500 (D.N.J. 1999). As the Supreme Court announced, to survive a motion to dismiss, plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009). Thus, a motion for dismissal under Fed. R. Civ. P. 12(b)(6) may be granted where the moving party "has established that there is no material issue of fact to resolve and that it is entitled to judgment in its favor as a matter of law." Mele v. Federal Reserve Bank of N. Y., 359 F.3d 251, 253 (3d Cir. 2004). If the plaintiff fails to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed." Bell Atlantic Corp., supra, 127 S. Ct. at 1974. In the present matter, Plaintiff has failed, as a matter of law, to establish claims against the Rodale-Defendants upon which relief may be granted.

Specifically, the claims asserted by Plaintiff against the Rodale-Defendants exemplify the type of pleading that the Supreme Court in Twombly identified as

2

subject to attack (and dismissal) by a <u>Rule</u> 12(b)(6) motion.  For the convenience of the Court, in support of this motion, the Rodale-Defendants hereby incorporate by reference all of the facts, arguments and grounds for dismissal asserted on behalf of co-defendant DialAmerica Marketing, Inc. ("DialAmerica") and as provided in DialAmerica's Motion to Dismiss.

3

## CONCLUSION

For the reasons expressed in DialAmerica's Motion to Dimiss, which are incorporated in full into this Brief, the Rodale-Defendants respectfully submit that Plaintiff has failed to state a claim against the Rodale-Defendants and, accordingly, judgment should be entered against Plaintiff and Plaintiff's Amended Complaint dismissed with prejudice.

**GROSS MCGINLEY, LLP**

Dated: May 15, 2013          BY:   s/Loren L. Speziale
                                             LOREN L. SPEZIALE, ESQUIRE
                                             33 South 7th Street
                                             PO Box 4060
                                             Allentown, PA  18105-4060
                                             Phone:  (610) 820-5450
                                             Fax:    (610) 820-6006

                                             Attorney for Defendants
                                             Rodale Inc., a/k/a Rodale Press, d/b/a
                                             Prevention Magazine, and Prevention
                                             Magazine

4