NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD M. ZELMA, | Hon. Dennis M. Cavanaugh |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 2:12-cv-00256 (DMC) (JBC) |
| ART CONWAY (Individually); DIALAMERICA MARKETING INC., RODALE INC., PREVENTION MAGAZINE, et al., | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon two motions to dismiss the Amended Complaint (April 17, 2013, ECF No. 22) of Plaintiff Richard M. Zelma ("Plaintiff" or "Zelma") brought by (1) DialAmerica Marketing Inc. ("DialAmerica") (May 15, 2013, ECF No. 28) and (2) Rodale Inc., a/k/a Rodale Press, d/b/a Prevention Magazine and Prevention Magazine ("the Rodale Defendants") (May 15, 2013, ECF No. 29) pursuant to FED. R. CIV. P. 12(b)(6). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Defendants' motions to dismiss are **granted.**

I. **BACKGROUND**[1]

On December 15, 2011, Plaintiff filed suit against DialAmerica, the Rodale Defendants, Art Conway, individually ("Conway") and various John Does and ABC Corporations in state

---

[1] The facts set forth in this Opinion are taken from the parties' respective moving papers and filings.

1

court. (Compl.). On January 13, 2012, Defendants removed the case to this Court. (Notice of Removal, ECF No. 1). Defendants subsequently filed motions to dismiss Plaintiff's Complaint, which was granted without prejudice as to all Defendants on September 13, 2012. (Order and Op., ECF Nos. 16, 17). Plaintiff filed an Amended Complaint on April 17, 2013. (Am. Compl., ECF No. 22). Plaintiff's Amended Complaint voluntarily dismisses all claims against Conway as well as three of the six counts original pled. DialAmerica and the Rodale Defendants have each filed a second motion to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief may be granted.

Plaintiff asserts claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA") and the New Jersey Do Not Call Law, N.J.S.A § 56:8-119 et seq., on the grounds that Defendants made at least seven unsolicited calls to his residence. Plaintiff claims his name is on both the Federal and New Jersey Do Not Call lists and asserts that these phone calls were therefore made in violation of both statutes. Plaintiff seeks statutory, punitive or actual damages for each of the unlawful calls under the TCPA and New Jersey's Do Not Call Law as well as statutory treble damages under the TCPA for Defendants' alleged "willful" and "knowing" violation. In addition, Plaintiff seeks costs and permanent injunctive relief pursuant to 47 U.S.C. § 227 (b)(3)(A).

## II. **STANDARD OF REVIEW**

In deciding a motion under Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to

provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations omitted). "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 555.

A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Id. "Determining whether the allegations in a complaint are 'plausible' is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Young v. Speziale, Civ. No. 07-03129, 2009 WL 3806296, at *3 (D.N.J. Nov. 10, 2009) (quoting Iqbal, 556 U.S. at 679). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–that the pleader is entitled to relief." Iqbal, 556 U.S. at 679.

### III. **DISCUSSION**

The Court finds that Plaintiff's Amended Complaint has not cured the deficiencies present in the original Complaint that this Court found to be grounds for dismissal in its Opinion of September 13, 2012. This Court dismissed Plaintiff's original Complaint based on a finding that Plaintiff's wife had a subscription with Prevention Magazine and that Defendants' phone calls were made to encourage subscription renewal. We found that these facts triggered the TCPA's "Established Business Relationship" exception. 47 C.F.R. § 64.1200(a)(4)(I). Under

3

this exception, the TCPA does not apply if calls are made to customers with whom the caller has an Established Business Relationship. The term "Established Business Relationship" is defined as

> a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a residential subscriber <u>with or without an exchange of consideration</u>, on the basis of the subscriber's purchase or transaction with the entity within the eighteen (18) months immediately preceding the date of the telephone call…which relationship has not been previously terminated by either party.

47 C.F.R. § 64.1200(f)(5) (emphasis added).

Instead of providing clarity to the Court, Plaintiff's Amended Complaint serves to muddy the factual allegations surrounding Plaintiff's and his wife's relationship with Prevention Magazine. However, it seems clear to the Court that although Plaintiff's wife may not have contracted directly with Prevention Magazine, she was receiving a subscription to the magazine through "SkyMiles," her frequent flyer miles program with Delta/Continental Airlines. Since the Established Business Relationship exception applies "with or without an exchange of consideration," the fact that Plaintiff's wife may not have paid Prevention Magazine directly for the subscription is of no consequence. The Court finds that Plaintiff's election to receive a free Prevention Magazine subscription through the SkyMiles program is a sufficient "transaction" to trigger the Established Business Relationship exception. In addition, the Court finds that Plaintiff's notation of "Do Not Call" on forms provided by SkyMiles in no way severed his business relationship with Prevention Magazine. For these reasons, the Court finds that the Established Business Relationship exception applies and therefore the calls made by Defendants were permissible under the TCPA. As such, Count Four of Plaintiff's Amended Complaint is dismissed.

Plaintiff's claim for treble damages is also dismissed. Plaintiff has not provided any plausible factual allegation in his Amended Complaint to demonstrate that any of the Defendants acted "willfully and knowingly," as required for treble damages. 47 U.S.C. § 227(b)(3)(C). As such, Count Five is dismissed.

As Plaintiff's federal claim has been dismissed, the only remaining claim is that brought under New Jersey's Do Not Call Law. A district court is permitted to decline the exercise of supplemental jurisdiction "if the district court has dismissed all claims over which it has original jurisdiction." See Kach v. Hose, 589 F.3d 626, 650 (3d Cir. 2009). The Court therefore declines to exercise jurisdiction over the state law claim in accordance with 28 U.S.C. ¶ 1367 (c). See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); United States, ex rel. Piacentile v. Sanofi Synthelabo, Inc., Civ. No. 05-2927, 2010 WL 5466043, at *10 (D.N.J. Dec. 30, 2010) (declining to exercise supplemental jurisdiction over state law claims after dismissing federal FCA claims). As such, Count Three of Plaintiff's Amended Complaint is dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are **granted**. An appropriate Order accompanies this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date: December __, 2013
Original: Clerk's Office
cc: Hon. James B. Clark, U.S.M.J.
All Counsel of Record
File

5